This is an action filed by Aubrey E. Skinner, as a taxpayer, voter, and resident of House of Representatives, District 35. He sought injunctive relief from the trial court against O.H. Florence, as Judge of Probate of Jefferson County, Alabama, and Jack Biddle, III.
Skinner requested that court to mandate that Judge Florence remove the name of Biddle from the ballot as a candidate for the position of House of Representatives, District 35, in the Democratic Party Primary *Page 119 
Election to be, and since, held on 7 September 1982. Skinner contends that Biddle failed to comply with § 17-22-5, Code 1975, commonly referred to as the "Corrupt Practices Act." Skinner contends in support thereof that Biddle failed to file with the Probate Judge of Jefferson County the statement required by such statute declaring the name or names of the persons to receive and disburse campaign funds within five days after announcement of his candidacy. The timeliness of the filing of such statement is the sole issue to be examined by this court.
A hearing was initially set on the application of that plaintiff for a preliminary injunction. On the date the matter came to be heard, the parties and their attorneys stipulated and agreed in open court to advance the trial of the action on the merits and submit for adjudication by final judgment. The action was submitted on the pleadings, and evidence.
The trial court concluded as follows:
 "The testimony and evidence presented fails to reasonably satisfy the Court that Biddle failed to file his statement required by the provisions of Section 17-22-5, Code, supra, with the Judge of Probate of Jefferson County, Alabama, within the time required by the said statute.
". . .
 "Upon consideration of such matters, the Court concludes that the relief sought by the Plaintiff is due to be denied."
Then, Skinner filed a motion for new trial which was denied. This appeal ensued.
It is well settled that there is a presumption of correctness in a trial court's findings in any case heard ore tenus. Its judgment will not be disturbed unless palpably wrong, without supporting evidence, or manifestly unjust. Chism v. Hicks,423 So.2d 143 (Ala. 1982). We have carefully reviewed the record in the case at bar and find it supports the trial court's decision.
We here note testimony which indicates the tendencies of the evidence:
 (1) Judge O.H. Florence testified he did not know who placed the 8 July 1982 stamp on the qualification form filed by Biddle. He stated he received the document from Biddle, but had no personal recollection of the exact date on which he received it, or of what he did with the document after receiving it. Florence stated there were several date stamps in the probate office which anyone on the premises had access to. He said it would be possible for a stranger to pick up a stamp and mark a document. Florence further testified there was no procedure for logging or stamping qualification forms.
 (2) Mrs. Mary Holt, employed in the Probate Court of Jefferson County, testified the qualification forms filed by party candidates with the court were kept in a folder in a file cabinet. She stated she made a search for Biddle's form on or about 1 July 1982, but did not discover it. On cross examination she stated her brother was a candidate for the Legislature from District 35.
 (3) Frances Grant testified she notarized Biddle's qualification form in Birmingham on 23 June 1982.
 (4) Herman Moore testified he accompanied Biddle to the Jefferson County Courthouse on 23 June 1982 so that Biddle could file his qualification form with the Probate Court.
 (5) Biddle testified he filed the qualification form by handing it to Judge Florence on 23 June 1982.
From the testimony of Florence and Holt, we ascertain there was not an established procedure at the Jefferson County Probate Court for the filing of candidates' qualification forms which required that each form be stamped upon receipt by the court. Had there been such a procedure, the stamped date of filing on the document would have been strong evidence of the actual date of filing. Because Skinner did not prove there was any correlation between the stamped date and the actual date of filing with the probate office, the only evidence of the actual date of filing was testimony presented by Moore and Biddle. They both testified the form was filed on 23 June 1982. *Page 120 
Therefore, the judgment entered in behalf of O.H. Florence and Jack Biddle, III, is due to be and is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.