This case concerns a suit seeking sale of real property for division of the proceeds. At issue is whether the trial court erred in failing to grant a directed verdict for appellants Dorothy and Philip Hales on the ground that the appellee, H.K. Scott, allegedly failed to prove an ownership interest in the property.
Scott filed suit seeking a sale of certain real property for division of proceeds, alleging that he was the owner of an undivided 9/10 interest in property and that the Haleses were the owners of an undivided 1/10 interest in the property. Scott claimed his ownership interest by having purchased the subject property at a mortgage foreclosure sale.
As proof of ownership, Scott testified, on direct examination, that he was the owner of a 9/10 interest in the property. Scott offered into evidence proceedings in the case of Truman Hicks, et al. v. Philip Hales and Dorothy Hales, etal., CV-77-500044, which, it appears, involved the same property and was tried in the same court as that in which this proceeding was held. The Haleses contend that the record of the former proceeding was not admitted into evidence. The present record shows the following with regard to the former proceeding:
 "MR. HANSON: Judge, in addition to the evidence we have offered, we would also offer the record in CV-77-500044 and more specifically the order entered by this court on March 28, 1978, in that case.
"THE COURT: March 28, 1978?
"MR. HANSON: Yes. We rest at this time. *Page 1030 
 "MR. McGEE: He offered some evidence. I'd like to know what it is.
 "MR. HANSON: I offer the record in that case, period, and more specifically, that order.
"MR. McGEE: I don't see it.
"MR. HANSON: It's in the file.
 "THE COURT: How about getting that file from the Clerk's office, please.
 "MR. HANSON: Judge, they can't seem to be able to find that file right now.
 "MR. McGEE: Judge, we can get it later. We'll go ahead and proceed.
"THE COURT: All right, sir.
 "MR. McGEE: Judge, at this time we move for a directed verdict on the failure to prove the elements in this case.
 "THE COURT: Anything in particular you have reference to?
 "MR. McGEE: I don't think he's proven ownership. I don't think he's proven a valid description of the property, particularly with the problem with the forty corner and an existing fence row that was missed. He finally covered the part about it couldn't be equitable divided.
"THE COURT: I'll deny the motion as to that."
The trial court, in its final decree in this case, found as follows:
 "The ownership interest claimed by plaintiff is based upon his purchase of the subject property at a mortgage foreclosure sale conducted on April 7, 1977. The plaintiff requests the court to take judicial notice of proceedings in this court in Truman Hicks, et al. vs. Philip Hales and Dorothy Hales, et al. CV-77-500044 as proof of the plaintiff's claimed ownership.
 "The court takes judicial notice of the proceedings in CV-77-500044 as requested by plaintiff wherein the court entered a decree dated August 8, 1978 adjudicating that H.K. Scott was the purchaser of the subject property at the foreclosure sale conducted April 17, 1977 and that he was entitled to possession of such property. The defendants were directed to vacate the property and deliver possession to Scott on or before August 21, 1978. The court further held that a failure by the Haleses to vacate the premises in compliance with the terms of the decree would constitute a forfeiture of their right of redemption.
 "The Haleses have asserted no right of redemption in the present action.
 "The court finds that the plaintiff's claim to a 9/10th interest in the subject property is sustained by the evidence, that the property cannot be equitably partitioned in kind, and that the plaintiff is entitled to have the property sold for division of the proceeds."
The Haleses appeal here contending that the court erroneously took judicial notice of the prior proceeding. The record of the prior proceeding is not a part of the record before us.
We note first that the Haleses' motion for a directed verdict was not the proper motion. Because this was a non-jury case, the proper motion should have been for an involuntary dismissal under Rule 41 (b), Ala.R.Civ.P. Feaster v. American LibertyIns. Co., 410 So.2d 399, 401 (Ala. 1982); Chaney v. GeneralMotors Corporation, 348 So.2d 799 (Ala.Civ.App. 1977). Rule 41 (b), in pertinent part, provides as follows:
 "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence."
We will treat the demand and trial court order as a Rule 41 (b) motion and ruling, even though a Rule 41 (b) motion is not the same as a Rule 50 motion. In comparing a Rule 41 (b) motion to a motion for a directed verdict, the Chaney court stated, "A Rule 41 (b) motion to dismiss is not the equivalent to a Rule 50 motion for a directed verdict, nor is the role of the trial *Page 1031 
court the same." Chaney, supra, at 801. The committee comments to Rule 41 elaborate on this distinction, as follows:
 "In a jury case, Rule 50 applies and the court is limited to a question of law (thereby preserving jury trial right) as to the sufficiency of plaintiff's prima facie case. In a non-jury case, the court, under Rule 41 (b), as ultimate trier of fact, is free to weigh the evidence and the credibility of the witnesses."
Ala.R.Civ.P. 41 (b), committee comments, citing O'Brien v.Westinghouse Electric Corp., 293 F.2d 1 (3d Cir. 1961).
This rule must be read in conjunction with the ore tenus rule. Thus, the trial court's ruling in a non-jury case need only be supported by credible evidence and will not be set aside unless it is clearly erroneous or palpably wrong or unjust. Peterson v. Jefferson County, 372 So.2d 839 (Ala. 1979).
Because the trial judge, in this decree, stated that he was taking judicial notice of the prior proceeding, we will address that question.
The law regarding when a circuit court may take judicial notice of judicial proceedings has been summarized in McElroy'sAlabama Evidence, as follows:
 "The circuit court takes judicial notice of all parts of its record of the case in hand. For a proper purpose, the circuit court takes judicial notice of its own record in another case if, but only if, the pleadings in the case in hand refer to the record in the other case. However, the circuit court cannot take judicial notice of its record in another case for the purpose of supplying evidence in the case in hand, as the record in the other case must be introduced in evidence if it is to be considered as evidence."
C. Gamble, McElroy's Alabama Evidence, § 484.02 (2) (3d ed. 1977) (emphasis added) (footnotes omitted).
In the case at hand, the former proceeding was not referred to in the pleadings, but we find that not to be fatal.
Here, the plaintiff's lawyer offered in evidence the court file that contained the only evidence of plaintiff's ownership of the subject property. When the defendants' lawyer asked to see the file, he was told that "[the clerk] can't seem to be able to find that file right now." Defendants' lawyer replied, "Judge, we can get it later. We'll go ahead and proceed." With this offer from the defendants' lawyer to get the file later, plaintiff's lawyer then rested his case; and, immediately, the defendants' lawyer moved for a "directed verdict" based on the lack of evidence — the very evidence not yet before the court, but which counsel had just agreed could be supplied later. In this posture, appellants cannot now be heard to complain that the trial court erred in denying their motion for dismissal. In spite of the trial judge's error in "taking judicial knowledge" of the proffered record of the prior proceeding, the judgment appealed from is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES, and BEATTY, JJ., concur.