EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a divorce case.
The divorce complaint of Janice Catherine Gibson (plaintiff) as filed on June 29, 1984, averred that she and Joe B. Gibson (defendant) were married by the common law on March 18, 1982, and that they lived together as common-law husband and wife until January 24, 1983, when they separated. Plaintiff was the only witness to testify at the ore tenus trial, and she rested her case at the conclusion of her lengthy testimony. Defendant made the equivalent of an involuntary dismissal motion under Rule 41(b) of the Alabama Rules of Civil Procedure. His ground was that plaintiff had failed to prove a common-law marriage. That motion was granted by the trial court, and plaintiff’s complaint was dismissed with a finding by the trial court that she had shown no right to relief under the facts and the law. She duly appealed. Both parties were ably represented by counsel at the trial and upon this appeal.
In a nonjury action, the trial court is the trier of facts and may consider and weigh the evidence in determining whether or not to grant a motion for an involuntary dismissal. The normal presumptions of correctness under the ore tenus rule attach to a trial court’s ruling on such a motion. The trial court’s decision need only be supported by credible evidence, and it will be altered on appeal only if it was clearly erroneous or palpably wrong. Feaster v. American Liberty Insurance Company, 410 So.2d 399, 402 (Ala.1982).
We have viewed the entire record in accordance with those attendant presumptions which apply to the ruling of the trial court and here summarize only that portion of the evidence which might tend to support the action of the trial court in granting an involuntary dismissal of the complaint.
There was no ceremonial marriage of the parties. On May 8 or 9, 1981, around 11:00 P.M. at a Maryland bar, the parties first met each other. That chance meeting resulted in sex between them in the early morning hours the following day, which activities continued thereafter until defendant returned to Alabama about a week later. Defendant never asked plaintiff to marry him, but, on more than one occasion before and after he returned to Alabama, he requested that she become his “woman,” and she agreed. Defendant told her that people lived together in Alabama and did not think anything about it. Plaintiff became ashamed of being defendant’s woman and discussed it with her family, since her family knew that plaintiff was still married at that time to Mr. Alessi, her third husband.
About a week after defendant left Maryland, he asked her to come to Alabama, and plaintiff visited him here at both his home and his mother’s home for about two weeks. When she was in Alabama she was defendant’s “woman,” which she understood to mean: a part of man, belonging, female, mistress. All that defendant ever asked her to be was his woman, and that is what she agreed to be.
On June 17, 1981, defendant went to Taiwan to work. His mother died in July, he returned to Alabama for her funeral, and he and plaintiff then lived together for about ten days, when he returned to Taiwan. Plaintiff largely remained in Alabama until she joined him in Taiwan in November 1981, where.she stayed with him until April 1982. She was in Taiwan when she received her divorce from Alessi in January 1982. The marriage waiting period of sixty days expired on March 18,1982, and she now figures that they were automatically married under the common law, *1113 once that impediment was removed. She stated that the two weeks in June 1981 and the ten days in July 1981 constituted the only times that she was with defendant in Alabama until December 21, 1982, when defendant returned to Alabama from Taiwan. They separated on January 17, 1983, after sharp disagreements, and she filed her divorce complaint against defendant about eighteen months later.
Defendant introduced plaintiff to his family members and to only a few others. He always introduced her as either “my woman,” “Jan,” or “my friend, Jan.” Defendant never introduced plaintiff to anyone as “my wife.”
Plaintiff used the last name “Alessi” in Alabama when she registered to vote, when she procured a telephone, when she opened a checking account, when she obtained her Alabama driver’s license, and when she acquired her visa to visit defendant in Taiwan. She could not recall that she ever used defendant’s last name, “Gibson,” at any time, until she filed the present divorce proceedings against defendant. Her reason for not using defendant’s surname was that she “felt society expects single women to keep her name.”
In Krug v. Krug, 292 Ala. 498, 296 So.2d 715 (1974), which is greatly relied upon by plaintiff, it was stated as follows:
“It is established in this jurisdiction that where parties who are incompetent to marry enter an illicit relation, with a manifest desire and intention to live in a matrimonial union, rather than in a state of concubinage, and the obstacle to their marriage is subsequently removed, their continued cohabitation raises a presumption of an actual marriage immediately after the removal of the obstacle, and warrants a finding to that effect. Smith v. Smith, 247 Ala. 213, 23 So.2d 605; Prince v. Edwards, 175 Ala. 532, 57 So. 714.

“To constitute a common-law marriage in this state, there must first have been a mutual understanding to presently enter into the marriage relationship, permanent and exclusive of all others, after which there is a public recognition of the existence of a common law marriage. Turner v. Turner, 251 Ala. 295, 37 So.2d 186; Beck v. Beck, 286 Ala. 692, 246 So.2d 420.”
Krug, 292 Ala. at 401, 296 So.2d at 717, 718.
The elements of a valid common-law marriage in Alabama have been summarized as being (1) capacity, (2) present agreement or consent to be husband and wife, and (3) consumation. Piel v. Brown, 361 So.2d 90 (Ala.1978).
In this case, plaintiff gave competent evidence whereby the learned trial court could have aptly determined that defendant and plaintiff had no mutual understanding at any time to enter into a marriage relationship. Thus, the trial court could have decided that they did not, either before or after plaintiff’s divorce from Alessi, agree or consent to be husband and wife and, consequently, that her Alessi divorce did not raise any presumption under Krug, supra, of their marriage immediately after the removal of that obstacle.
In short, we determine that plaintiff’s own evidence duly supported the ruling of the trial court in granting defendant’s motion for an involuntary dismissal of plaintiff’s divorce action. The decision of the trial court in that regard was neither clearly erroneous nor palpably wrong. We affirm.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.