The plaintiff, Martha Conner, filed suit in the Circuit Court of Houston County against the City of Dothan, the director of the City of Dothan Personnel Board, and Bobby Price. Conner's suit stems from her discharge as an employee of the City of Dothan Performing Arts Department. Conner appeals from the trial court's judgment in favor of all defendants. We affirm.
Conner began working as Accounting Clerk II in the Performing Arts Department of the City of Dothan in January 1981. Bobby Price, as head of the Performing Arts Department, was Conner's supervisor. Under the Civil Service Act of the City of Dothan, Conner's employment was subject to a six-month working test period. During the working test period, an employee's work is observed and the employee is evaluated by his supervisor at intervals of two months. If an employee receives three poor evaluations during the working test period, the employee is terminated. Conner's employment in the Performing Arts Department was terminated on June 19, 1981, the date on which she received her third evaluation.
Conner contends that her termination was a result of Price's desire to retaliate against her. Conner had met with the city manager on March 13, 1981, and had disclosed to him her concerns about lax management and improper bookkeeping practices that she had observed in the Performing Arts Department. On March 17, 1981, Conner received her first unsatisfactory evaluation from Price. Conner received her second evaluation on May 28, 1981, and her score on the evaluation was low. Price told Conner she was terminated when he gave her the third evaluation on June 19, 1981.
In her second amended complaint, Conner states that her action arises under the First and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. § 1983 and1985, and she avers that her discharge constituted a deprivation of her right to free speech secured thereby without due process of law. She also avers that the alleged conduct of Price states a cause of action against him individually for interference with her employment relationship with the City of Dothan.
The trial court, on motion of Conner, set the case for trial and impaneled an advisory jury. At the close of plaintiff's evidence, the court entered a directed verdict in favor of the City of Dothan and the director of the Personnel Board of the City of Dothan. At the conclusion of the trial, the advisory jury was unable to reach a unanimous decision on the issues submitted to it. The trial court entered judgment in favor of all defendants, specifically finding that "the Court is not reasonably satisfied that Martha Conner's communication of information concerning Bobby Price was a substantial or motivating factor in the termination of Martha Conner's employment. . . ."
From our review of the record in this case, we find no instance in which Conner demanded a jury trial. According to Rule 38(d), A.R.Civ.P., "[t]he failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury." Although Conner had waived her right to a jury trial, she filed a motion for an advisory jury to be impaneled. Under Rule 39(c), A.R.Civ.P., the court on motion may try with an advisory jury any issue for which a jury trial has been waived. The court granted Conner's motion and impaneled an advisory jury.
The verdict of an advisory jury, however, is not binding on the trial judge. The Committee Comments to Rule 39, A.R.Civ.P., state: "Rule 39(c) permits the court to impanel an advisory jury where it desires such assistance. The verdict of the advisory jury is merely for the purpose of 'enlightening the conscience of the Chancellor.' The trial judge continues to have the responsibility for decision, and must prepare his own findings of fact and conclusions of law pursuant to Rule 52(a)." The verdict of an advisory jury is advisory only, and the court in its discretion may adopt or *Page 1067 
reject such a verdict. J.C. Jacobs Banking Co. v. Campbell,406 So.2d 834 (Ala. 1981); Lucas v. Scott, 247 Ala. 183,24 So.2d 540 (1945).
In reviewing the judgment in the case sub judice, we recognize that the responsibility for decision was upon the trial judge and not upon the advisory jury. The judge remained the trier of fact regardless of the outcome of the deliberation of the advisory jury.
The trial court entered a directed verdict in favor of the City of Dothan and the director of the City of Dothan Personnel Board. As Conner points out in her brief, in Alabama the scintilla rule is to be applied by the court in considering a motion for directed verdict. The rule that a directed verdict may not be granted if there is a scintilla of evidence which would support a verdict in favor of the nonmoving party prevents the impairment of the right to trial by jury.Feaster v. American Liberty Insurance Co., 410 So.2d 399 (Ala. 1982). The present case, however, is not one in which Conner has the right to trial by jury, because she has waived that right. Rule 38(d), A.R.Civ.P. In the context of this case, the verdict of the advisory jury does not have the same effect as if trial by jury had been a matter of right. Because the trial judge remained as the ultimate trier of fact, our standard of review is more properly the standard applicable in nonjury cases, rather than the standard applicable in jury cases.
In Feaster v. American Liberty Insurance Co., supra, one of the issues addressed by this Court was the standard of review applicable to the trial court's order granting a motion for directed verdict where the trial was held before the court sitting without a jury. The Court first noted that procedurally the granting of a directed verdict under Rule 50(a) is improper when the case is tried before a judge without a jury, and that a Rule 41(b) motion for involuntary dismissal is the method of raising a question of the sufficiency of the evidence in a nonjury trial. The Court went on to state:
 "Although directed verdicts and involuntary dismissals have comparable characteristics, to say that they are equivalent in all respects is to ignore the different functions of the judge in a jury trial, in which he or she is not the trier of fact, and the function of a judge in a nonjury trial, in which he or she is the trier of fact. United States v. United States Gypsum Co.,67 F. Supp. 397 (D.D.C. 1946)."
410 So.2d at 401. The Feaster Court held:
 "[S]ince the Judge is the trier of fact in a nonjury action, he or she may weigh and consider the evidence on a motion for an involuntary dismissal. The normal presumptions of correctness attach to a trial court's ruling on an involuntary dismissal. The trial court's ruling need only be supported by credible evidence and will not be set aside unless it is clearly erroneous or palpably wrong or unjust."
410 So.2d at 402.
The trial judge, not the advisory jury, was the ultimate trier of fact in this case. Although the trial court granted what was denominated a "directed verdict," that directed verdict properly should be labeled an "involuntary dismissal." On motion for involuntary dismissal, the trier of fact may weigh the evidence and the credibility of the witnesses, and the ruling need only be supported by credible evidence.Feaster, supra. From our review of the record, we find the judgment of the trial court to be supported by credible evidence, and we cannot say that the ruling in favor of the City of Dothan and the director of the City of Dothan Personnel Board was clearly erroneous.
With regard to Conner's claim that Bobby Price interfered with her employment relationship with the City of Dothan, the trial court entered judgment in favor of Price. As we have noted already, the trial judge was the trier of fact, free to accept or reject the verdict of the advisory jury. Thus, we base our review on the ore tenus standard, which presumes the correctness of the findings of the trial court when *Page 1068 
based upon competent evidence presented ore tenus. AllstateInsurance Co. v. Shirah, 466 So.2d 940 (Ala. 1985); Chaffin v.Hall, 439 So.2d 67 (Ala. 1983). The judgment will not be disturbed on appeal unless palpably wrong or manifestly unjust.Skinner v. Florence, 439 So.2d 118 (Ala. 1983); Chaffin v.Hall, supra. The record reveals conflicting evidence before the trial judge regarding Conner's claim for interference with her employment. We find competent evidence to support the trial court's findings, and we cannot say those findings were palpably wrong or manifestly unjust.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.