INGRAM, Judge.
In October 1987, the husband filed a petition to modify the parties’ 1976 divorce *861 decree. The husband requested that the trial court reduce the amount of alimony which he was required to pay the wife. (The 1976 divorce decree had ordered the husband to pay $500 per month to the wife.)
The petition to modify alleged that there had been a material change in circumstances sufficient to warrant the modification. The wife filed a cross-petition to modify wherein she requested an increase in the amount of alimony.
In November 1987, a hearing was held, and at the conclusion of the husband’s presentation of his case, the wife’s attorney made a motion for directed verdict. This motion was granted. The wife’s cross-petition was dismissed. The husband appeals.
Initially, we recognize that, as this was a nonjury case, the wife’s attorney should have moved for an involuntary dismissal under Rule 41(b), Alabama Rules of Civil Procedure (A.R.Civ.P.), rather than a directed verdict under Rule 50(a), A.R.Civ.P. However, we will treat the motion as a motion for involuntary dismissal. Conner v. City of Dothan, 500 So.2d 1065 (Ala.1986); Matthews v. Matthews, 404 So.2d 692 (Ala.Civ.App.1981).
When the trial court has ruled upon a motion for involuntary dismissal, its decision will not be disturbed on appeal if supported by credible evidence unless it appears to be clearly erroneous or palpably wrong or unjust. Conner, 500 So.2d 1065.
When a party petitions for modification of an alimony award, the burden of proving a substantial change of circumstances falls upon the movant. Matthews, 404 So.2d 692.
Our review of the record reveals that the trial court correctly found that the husband failed to sustain his burden of proof. The husband argues that he demonstrated a substantial change in circumstances when he presented evidence that his income would be reduced in December 1987 when he was to retire. (The evidence indicates that the husband, age 67, was the manager of a wood operation at the time of the hearing and suffered from emphysema.)
Clearly, the trial court, in resolving the case on the basis of the preponderance of the evidence, could have considered the speculative nature of the proceedings — that is, that the husband had not yet retired at the time of the trial — and, therefore, could have concluded that there had not been a material change of circumstances when this case was presented to the trial court. See, Chaney v. General Motors Corporation, 348 So.2d 799 (Ala.Civ.App.1977).
Moreover, the evidence also reveals that the husband was studying for his real estate license and was to be eligible to take the exam in March 1988. He has remarried, and his present spouse is employed, and they share living expenses. The husband will receive $32,000 in cash upon retirement less taxes, $772.00 per month in social security benefits, plus interest income. The husband also had $12,000 in savings at the time of the hearing.
Consequently, we find that there was credible evidence to support the trial court’s ruling in this case. This case is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.