This appeal is from a judgment in favor of J.E. Beasley, Jr., and Security Trust and Factors Corporation. The trial court, in this nonjury case, held that a resulting trust or a trust in the nature of an equitable mortgage was not established by virtue of the oral agreement between Beasley and J. Burton Stroupe.
On February 18, 1970, Beasley, acting as Security Trust and Factors Corporation ("Security Trust"), purchased two properties at a foreclosure sale. The first property was known as the "Fairgrounds" property and the second as the "Highway 72" property. These properties had previously been owned by J. Burton and Winona Y. Stroupe. Prior to the foreclosure sale, J. Burton Stroupe and Beasley entered into an oral agreement concerning these properties. The Stroupes then assigned their right to redeem the properties to Beasley, for no consideration. Beasley purchased the properties, acting as Security Trust, and rented them to the Stroupes.
The conflict in this case arises from the disputed terms of this agreement. The Stroupes contend that following the assignment to Beasley of the right to redeem the properties, Beasley was to redeem the properties at the foreclosure sale, rent the properties to the Stroupes, and allow them to redeem the properties back from Beasley at any time they became financially able to do so. Beasley, however, contends that the only agreement he consented to was to redeem the properties at the foreclosure sale and to rent them to the Stroupes.
On May 7, 1974, Security Trust sold the "Highway 72" property and on September 23, 1975, sold the "Fairgrounds" property, to third parties.
On May 9, 1986, the Stroupes filed suit against Beasley and Security Trust. In their complaint, the Stroupes allege that a trust arose from J. Burton Stroupe's oral agreement with Beasley and that the sale of the properties in 1974 and 1975, without the knowledge and consent of the Stroupes, constituted a breach of that trust. They sought an accounting of the proceeds from the sale of the two properties, compensatory damages, and punitive damages in the amount of $200,000. The evidence was presented ore tenus. At the close of the Stroupes' evidence, Beasley moved for a "directed verdict." The court delayed ruling on that motion until the conclusion of the trial. At the close of all evidence, the trial court made the following findings of fact and conclusions of law:
 "1. The [agreement was that the] defendant would either buy the properties at foreclosure, or the defendant would redeem the properties in the event some third party purchased the properties, and
 "2. The plaintiff was to continue in possession of the properties, maintain and pay taxes on the properties, pay rent of $250.00 per month for the properties, and
 "3. As soon as the burden of the Phillips judgment was removed, the plaintiff was to pay the defendant back the money he had paid on the foreclosure sales or on the redemption of the properties.
 "Said agreement, as alleged by the plaintiff, violates the Alabama Statute of Frauds in that the agreement was never reduced to writing and no time was specified for performance of the agreement. Also, the facts as proved by the evidence for the plaintiff, as well as the reasonable inferences to be drawn therefrom, do not reasonably satisfy the Court of a resulting trust, or a trust in the nature of an equitable mortgage."
Where, as here, the trial court grants defendant's motion for directed verdict in a non-jury trial, we have stated: "As a procedural matter, the granting of a directed verdict under Rule 50(a) [Ala.R.Civ.P.] is improper when the case is tried before a judge without a jury. The method of raising the sufficiency of the evidence in a non-jury trial is a Rule 41(b) motion for involuntary dismissal." Feaster v. American LibertyIns. Co., 410 So.2d 399, 401 *Page 17 
(Ala. 1982). This Court, however, has previously stated that "[w]e will treat the demand [for a directed verdict] and trial court order as a Rule 41(b) motion and ruling, even though a Rule 41(b) motion is not the same as a Rule 50 motion."Hales v. Scott, 473 So.2d 1028, 1030 (Ala. 1985). Rule 41(b) states, in part, that "[t]he court as trier of facts may then determine them [the facts and the law] and render judgment against the plaintiff or may decline to render any judgment until the close of all evidence." Rule 41(b), A.R.Civ.P. The trial judge, therefore, committed no reversible error in ruling on defendant Beasley's motion for directed verdict at the close of all the evidence. See Feaster v. American Liberty Ins. Co., supra.
On appeal, the Stroupes argue that the trial court erred in failing to recognize the establishment of a resulting trust by the oral agreement between J. Burton Stroupe and Beasley and in determining that the agreement violated the Alabama Statute of Frauds, Code 1975, § 8-9-2.
Rule 41(b) "must be read in conjunction with the ore tenus
rule. Thus, the trial court's ruling in a non-jury case need only be supported by credible evidence and will not be set aside unless it is clearly erroneous or palpably wrong or unjust." Hales v. Scott, 473 So.2d at 1031 (citation omitted). After a careful review of the record, we cannot say that the trial court's findings are clearly erroneous or palpably wrong or unjust.
It is undisputed in the record that the oral agreement between J. Burton Stroupe and Beasley was never set down in writing. The Alabama Statute of Frauds, Code 1975, § 8-9-2, states, in part:
 "In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
 "(1) Every agreement which, by its terms, is not to be performed within one year from the making thereof;
". . . .
 "(5) Every contract for the sale of lands, tenements or hereditaments, or of any interest therein, except leases for a term not longer than one year, unless the purchase money, or a portion thereof is paid and the purchaser is put in possession of the land by the seller. . .."
Clearly, the absence of a written document recording this agreement constitutes a violation of the Alabama Statute of Frauds. Therefore, we affirm the trial court's judgment as to this issue.
Stroupe next argues that a resulting trust was created by operation of law. Resulting trusts "arise only where one has purchased property with the funds of another and has taken title in himself." Pihakis v. Pihakis, 496 So.2d 765, 767 (Ala. 1986) (citation omitted). Beasley, acting as Security Trust, purchased both properties at the foreclosure sale with Security Trust funds, and title was placed in Security Trust. The Stroupes argue that the case of Holman v. Weed, 248 Ala. 179,26 So.2d 721 (1946), stands for the proposition that, in circumstances similar to the case at bar, a resulting trust or a trust in the nature of an equitable mortgage is established. However, in that case, this Court held, under similar circumstances, that a resulting trust or a trust in the nature of an equitable mortgage was not established. We hold likewise in this case. Therefore, we affirm the trial court's judgment as to this issue as well.
Because we affirm for the reasons stated, we need not address whether this cause of action is barred by either laches or the statute of limitations.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur. *Page 18