Tallie C. Loper sued Horace Odom (chairman of the Washington County Commission), the Washington County Commission, and the Commission's lawyer, claiming that the defendants trespassed on his land when the county cut some trees to widen a county road. The trial court entered a summary judgment for the lawyer, and, at the close of the plaintiff's evidence, dismissed the plaintiff's action.
The plaintiff appealed, raising three issues: (1) Whether the court erred in entering the summary judgment for the county attorney; (2) Whether it erred in excluding evidence of the plaintiff's expert witness relating to damages; and (3) Whether it erred in granting an involuntary dismissal to the other two defendants. We affirm the summary judgment in favor of the county attorney, because we find no evidence that the attorney had any knowledge of the transaction. In fact, the attorney filed an affidavit in support of his motion for summary judgment, denying that he had any knowledge of the cutting of the timber or trees. We affirm as to the county and the commissioner on the ground that the deed included in the record shows that the plaintiff signed the right-of-way deed conveying to the county, by metes and bounds, a right-of-way covering the land in question.
 FACTS
Loper owns land in Washington County. Along with several other landowners, Loper agreed to convey a right-of-way to Washington County to allow it to widen and pave a road. One of Loper's neighbors, Jimmy A. Thornton, circulated what Loper described as a "petition" entitled "Right of Way for Road to Whatever is Agreeable by Property Owners," which Loper signed, although he claims that he signed the agreement upon the express condition that the County would not remove certain trees when it improved the road.
During the course of the County's work on the road, several trees were destroyed. Loper, acting pro se, sued County Commissioner Horace Odom and the Washington County Commission, seeking damages for the loss of the trees and for "personal harassment." Loper subsequently named Michael Onderdonk, attorney for the Commission, as a defendant. When the parties appeared for a bench trial, the trial court entered a summary judgment for Onderdonk, but allowed Loper to proceed against Odom and the Commission. At the close of Loper's case, however, the trial court granted the defendants' motion for a "directed verdict."
 I
Loper argues first that the summary judgment in Onderdonk's favor was improper. A summary judgment is proper upon a showing that no genuine issue exists as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P. Initially, the burden is on the movant, but if the movant makes this prima facie showing, then the burden shifts to the nonmovant to present "substantial evidence" creating a genuine issue of material fact.Hilliard v. City of Huntsville Electric Utility Board,599 So.2d 1108, 1110 (Ala. 1992); see Ala. Code 1975, § 12-21-12. "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
Onderdonk supported his motion for summary judgment with an affidavit in *Page 1312 
which he attested that he was the Commission's attorney but that he had not advised the Commission to establish the right-of-way or to cut any timber and that he did not know of the plans to widen the road until several days after Loper's timber had been cut. This constitutes a prima facie showing that Onderdonk was entitled to a judgment.
Loper's only response to the motion for summary judgment was to argue at trial that Onderdonk, as the Commission's attorney, was responsible for the Commission's actions. In light of Onderdonk's prima facie showing, the summary judgment was proper, because Loper's response did not "set forth specific facts showing that there is a genuine issue for trial." Rule 56(e), Ala.R.Civ.P.
 II
The second issue is whether the trial court erred in not allowing Charles Cleveland Formwalt, a State-licensed tree surgeon, to state his opinion at trial regarding the amount of damage to the scenic value of Loper's property. The trial court sustained the defendants' objections on the grounds of form and foundation.
"The question of whether or not a particular witness will be allowed to testify as an expert is largely discretionary with the trial court, whose decision will not be disturbed on appeal except for palpable abuse." Charles W. Gamble, McElroy'sAlabama Evidence, § 127.01(5)(b), at 331 (4th ed. 1991) (footnote omitted). The measure of damages for trespass to land and cutting of trees is the difference between the value of the land immediately before the trespass and the value of the land after the trespass. Wray v. Mooneyham, 589 So.2d 181, 183 (Ala. 1991); Hammond v. Stephens, 269 Ala. 210, 212, 112 So.2d 324,325 (1959); Dollar v. McKinney, 267 Ala. 627, 633,103 So.2d 785, 790 (1958). Loper did not establish that Formwalt had an opinion of the property's value before the alleged trespass; therefore, the trial court did not abuse its discretion in excluding his opinion.
 III
The third and final issue is whether the trial court properly granted the defendants' motion for a directed verdict after Loper completed the presentation of his evidence. Because this was a bench trial, we will treat the motion for a directed verdict as a motion for an involuntary dismissal under the provisions of Rule 41(b), Ala.R.Civ.P.[1] Rule 41(b) provides in pertinent part:
 "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence."
In reviewing the trial court's ruling under Rule 41(b), we apply the ore tenus rule. Stroupe v. Beasley, 549 So.2d 15, 17
(Ala. 1989); Hales v. Scott, 473 So.2d 1028, 1031 (Ala. 1985). "The trial court's ruling need only be supported by credible evidence and will not be set aside unless it is clearly erroneous or palpably wrong or unjust." Feaster v. AmericanLiberty Insurance Co., 410 So.2d 399, 402 (Ala. 1982).
Loper presented seven witnesses, including himself, and presented several exhibits. The testimony of Jimmy Thornton, one of the seven, directly contradicted Loper's own testimony regarding whether *Page 1313 
Loper had signed the actual deed and whether Loper had conditioned his signature upon preservation of the trees. Although Loper disputes the validity of the deed, he did not allege in his complaint that any defendant had defrauded him. The deed was admitted into evidence, and Loper did not dispute his signature or that the trees cut were within the right-of-way shown on the deed. The terms of the right-of-way deed are clear and unambiguous, and Loper did not allege or prove that a fraud was perpetrated upon him to get him to execute the deed. We conclude, therefore, that the evidence, or the lack thereof, supports the trial court's ruling; consequently, we affirm the trial court's judgment.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.
[1] The proper method for questioning the sufficiency of the evidence in a case tried without a jury is a motion for an involuntary dismissal under Rule 41(b), Ala.R.Civ.P., not a motion for a directed verdict under Rule 50(a). Stroupe v.Beasley, 549 So.2d 15, 16 (Ala. 1989); Conner v. City ofDothan, 500 So.2d 1065, 1067 (Ala. 1986); Feaster v. AmericanLiberty Insurance Co., 410 So.2d 399, 401 (Ala. 1982). Even though a motion for directed verdict is not the same as a motion for an involuntary dismissal, an appellate court may treat the trial court's order as an involuntary dismissal under Rule 41(b). Stroupe, 549 So.2d at 17; Hales v. Scott,473 So.2d 1028, 1030 (Ala. 1985).