Avice Hunter sued Leonard Ryals for trespass. During the trespass, Ryals cut numerous trees owned by Hunter.
The trial court heard the testimony presented ore tenus and rendered a judgment for Hunter. Hunter's damages were assessed at $5,000.
Ryals appeals. We affirm.
The only issue raised by Ryals is that the amount of damages is not supported by the evidence.
At the outset we note that the trial court's findings need only be supported by evidence which is credible and that its determination will not be disturbed on appeal unless it is clearly erroneous and palpably wrong or unjust. Loper v. Odom,619 So.2d 1310 (Ala. 1993); Wray v. Mooneyham, 589 So.2d 181
(Ala. 1991).
In this instance, Hunter, the owner of the land, testified that the value of the property prior to the trespass was $35,000 and that the value after the trespass was $30,000. This testimony was uncontradicted.
The legal measure of damages to real estate in cases such as the present case is the difference between the value of the land immediately before the trespass and the value of the land immediately after the trespass. Wray, 589 So.2d 181.
Hunter, the owner, is entitled to give her opinion as to the value of the property before and after the trespass to establish the legal measure of damages. Jetton v. Jetton,502 So.2d 756 (Ala. 1987). *Page 3 
In this case, the owner of the property gave uncontradicted testimony as to the damages.
Clearly, there is credible evidence to support the trial court's award of damages. The judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.