SAM A. BEATTY, Retired Justice.
The plaintiffs, Hezekiah Jones and Yvonne Jones, appeal from a judgment in their action against the defendant, Quality Development Company, Inc., to recover damages for breach of a contract to construct their house. In this nonjury case, the trial court purported to enter a “directed verdict” in favor of Quality on the Joneses’ claim alleging structural damage to the house; it also entered a $960 judgment in favor of the Joneses on their claims that Quality had improperly constructed and installed certain items in the house. The Joneses appeal, complaining of the “directed verdict” and the amount of the damages award. We affirm.
The contract required Quality to construct the house in a good and workmanlike manner. After the Joneses moved into the house, they observed certain structural deficiencies, namely, cracks in an exterior wall of the garage, in the garage floor, near a window in the comer of the house, and in the paved driveway, as well as a depression in the driveway. The Joneses also observed other problems in the house, such as the improper installation of both microwave and conventional ovens, the dishwasher, and the linoleum floor in the kitchen, provision of the wrong type of medicine cabinet in the bathroom and its improper installation, faulty installation and attempted repair of an outside gate on the deck, squeaking floors, a leak near the fireplace, and miscellaneous unfinished items and painting problems.
*746 A structural engineer testified as an expert witness for the Joneses regarding the structural damage to the house. He stated that water penetration had so softened the soil that it could not bear the load of the paved driveway and garage floor. He added that he saw indications of voids, which he defined as hollow spots underneath the slab between the soil surface and the bottom of the slab. According to the Joneses’ expert, the front yard was “not particularly” graded away from the house; which afforded “the opportunity to pick up some moisture in that area of the left front comer.” Accordingly, in his opinion, he said, it was highly likely that loose soil and water penetration caused the foundation to settle. The water problem, he concluded, was caused by an absence of fill in one place and too much in another. The witness could not rule out the possibility that the settling problem might have been caused by a sinkhole or a debris berm, however, and expressed “some conjecture as far as the cause.” The witness also stated that improper landscaping on the property had accelerated the settling problem and had contributed to the water trap. Had the landscaping been done' correctly, he added, the dirt would not have held so much water and the settlement would not have happened so quickly.
Other evidence disclosed that the Joneses, not Quality, assumed the responsibility for the landscaping. The contract called for a $4,000 allowance to the Joneses for landscaping, and they employed another contractor to accomplish the landscaping, which included bringing in fill dirt and grading it around the house.
An architect testified for the Joneses regarding the other items about which they complained. He testified that the squeaky flooring would cost approximately $350 to repair, and that correction of several other miscellaneous items would cost approximately $500. Mr. Jones testified that he had spent $110 to correct a problem with a damaged shingle on the roof and a leak near the fireplace. Neither the Joneses nor the architect provided any testimony about the cost of repairing the improper installation of the microwave and conventional ovens or the kitchen linoleum floor, or the cost of replacing a chrome medicine cabinet that the Joneses contended should have been brass.
At the conclusion of the Joneses’ evidence, Quality moved for a directed verdict on that portion of the case relating to structural damage. The trial court, hearing evidence presented ore tenus, granted Quality’s motion. The trial court later entered a final judgment in which it also addressed the other items of damage claimed by the Joneses. The trial court concluded that Quality had breached its contract with the Joneses and had failed to construct certain portions of the house in a good and workmanlike manner, and awarded the Joneses - $960. The trial court also determined that Quality was liable to the Joneses for problems regarding the ovens, the medicine cabinet, and the kitchen floor, but concluded that it could not award damages as to those items because the Joneses had not introduced any evidence regarding the amount of damages claimed for those items.
We first address the “directed verdict.” Logically, there can be no directed verdict in a ease tried without a jury. Stroupe v. Beasley, 549 So.2d 15, 16 (Ala. 1989). The proper method for raising the sufficiency of the evidence in a non-jury trial is a motion for involuntary dismissal pursuant to Rule 41(b), Ala.R.Civ.P. Id. Nevertheless, our supreme court has stated that a motion for a directed verdict and the trial court’s order purporting to enter one may be treated as a Rule 41(b) motion and ruling thereon, even though a Rule 41(b) motion is not precisely the same as a Rule 50(a) motion. Id. at 17. See also Hales v. Scott, 473 So.2d 1028, 1030 (Ala.1985); Feaster v. American Liberty Ins. Co., 410 So.2d 399, 401 (Ala.1982). Rule 41(b) states, in part, that upon a motion for dismissal by the defendant after the plaintiff has completed the presentation of his or her evidence, “[t]he court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the. evidence.” Rule 41(b) must also be construed in conjunction with the ore tenus rule. ‘“Thus, the trial court’s ruling in a non-jury case need only be supported by credible evidence and *747 ■will not be set aside unless it is clearly erroneous or palpably wrong or unjust.’” Stroupe, 549 So.2d at 17 (quoting Hales, 473 So.2d at 1031). After reviewing the record, we find the trial court’s ruling regarding the structural damage claim to be supported by credible evidence, and we cannot say that its decision is clearly erroneous or palpably wrong or unjust.
We next address the damages award. The $960 award is clearly supported by testimony in the record. We find no evidence in the record regarding the amount of damages claimed as a result of problems relating to the ovens, the medicine cabinet, and the kitchen floor; therefore, we agree with the trial court’s decision not to award damages as to those items. The party claiming damages has the burden of establishing, by competent evidence, an entitlement to damages and the amount of those damages. Johnson v. Harrison, 404 So.2d 337, 340 (Ala.1981). “The award of damages cannot be made upon speculation, and the plaintiff has the burden of offering evidence tending to show to the required degree, the amount of [damage or harm] allegedly suffered.” Id. (citation omitted).
Let the judgment be affirmed.
The foregoing opinion was prepared by SAM A BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.