MONROE, Judge.
This is an appeal from the involuntary dismissal of a zoning action pursuant to Rule 41(b), Ala.R.Civ.P.
The record reveals the following facts. Anthony W. Couch purchased two parcels of land in the City of Jacksonville in February 1992, with the intent to build a number of duplexes on one of the parcels. Before he purchased the land, Couch obtained information from the city on the zoning status of the land to ensure that duplexes could be built on the property. At that time, the land was zoned R-2, a zoning classification that permits duplexes as well as single-family residences. It had been zoned R-2 for at least 30 years, and perhaps for as long as 40 years. After purchasing the property, Couch contracted with a surveyor and a home designer to provide him with services related to building the duplexes. He also contacted a bank about financing. In March 1992, Robert Staggs, the owner of a piece of property neighboring the parcels purchased by Couch, filed an application with the city requesting that Couch’s property be downzoned from R-2 to R-l, which would allow only single-family residences to be built on the property. Couch objected to the rezoning of his property. Staggs’s application was eventually rejected; however, the city then initiated its own proposal to downzone Couch’s property and the surrounding areas to R-l. The city approved its own downzoning initiative in June 1992, after public hearings were held on the issue.
In July 1992, Couch filed an action in the circuit court, seeking a judgment declaring that the actions of the city in downzoning his property were arbitrary and capricious and amounted to an unconstitutional taking. He sought to enjoin the city from enforcing the ordinance that downzoned his property. Couch presented his evidence at an ore tenus proceeding in January 1994, after which the city moved for an involuntary dismissal of Couch’s action pursuant to Rule 41(b), Ala. R.Civ.P., on the ground that Couch had shown no right to relief, based upon the law and the facts as presented at trial. The trial court heard no further evidence on the case. More than a year later, on March 28, 1995, the trial court entered an order granting the city’s motion and dismissing Couch’s action pursuant to Rule 41(b). Couch appealed to the Supreme Court, which deflected his ease to this court pursuant to § 12-2-7(6), Ala. Code 1975.
*464 Couch contends that the trial court erred in dismissing the case at the conclusion of his evidence. He argues that the evidence he presented shows that the city acted arbitrarily and capriciously in downzoning his property. He claims that the decision to downzone the property was based solely on public opinion and that the city did not meet its burden of showing that the restriction on his property was substantially related to the health, morals, or general welfare of the city, as required under BP Oil Co. v. Jefferson County, 571 So.2d 1026 (Ala.1990).
We note that Rule 41(b) is to be read in conjunction with the ore tenus rule, and that the trial court’s ruling in a nonjury case “ ‘need only be supported by credible evidence and will not be set aside unless it is clearly erroneous or palpably wrong or unjust.’ ” Stroupe v. Beasley, 549 So.2d 15, 17 (Ala.1989).
“[I]f a zoning ordinance is ‘clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare,’ it must be struck down.” Wheeler v. City of Pleasant Grove, 664 F.2d 99, 100 (5th Cir.1981), cert. denied, 456 U.S. 973, 102 S.Ct. 2236, 72 L.Ed.2d 847 (1982). See also Martin v. O’Rear, 423 So.2d 829 (Ala.1982); and Hall v. Jefferson County, 450 So.2d 792 (Ala.1984).
In Martin v. O’Rear, our Supreme Court reversed the decision of the trial court in a similar situation, holding that the zoning ordinance amendment that downzoned the appellant’s property, thereby prohibiting the development of multi-family housing, was arbitrary and capricious, and that the trial court was palpably wrong in concluding otherwise. The facts in that case are remarkably similar to the facts in this case. In Martin, the appellant bought property that had been zoned R-4 for about 25 years, with the intent to build a condominium on the property. She then took steps toward developing the property. Subsequently, a group of citizens petitioned the planning commission to downzone the property so as to permit only single-family residences. The city then downzoned the property. The Supreme Court found that the zoning ordinance was instigated by neighboring landowners who opposed the proposed building project.
In Martin, as in the case before us, the land, as originally zoned, had been part of a transitional zone between a single-family residence zone and commercial zones. Also, in that case, as in the case before us, a representative of the city testified that no studies had been made on the effect of the downzon-ing on traffic or the general safety and welfare of the community.
In this case, the minutes of the city council meetings and the planning commission meetings do not reflect a reason for the downzoning. However, city officials testified that “the issue was brought to the city’s attention” by neighboring landowners who opposed Couch’s proposed development of duplexes on his property. City officials articulated no other reasons for their actions.
Even though the city was the defendant in the circuit court, “the burden was on the zoning authority [the city] to demonstrate that the challenged zoning restriction on the [owner’s] use of [his] property had a substantial relation to a legitimate public purpose, i.e., that the restriction had a substantial relation to the health, safety, morals, or general welfare.” BP Oil Co. v. Jefferson County, 571 So.2d at 1029. By enacting the more restrictive zoning on Couch’s property without providing any reasons for the down-zoning, in the minutes or at trial, the city failed to meet its burden.
We hold that the trial court was palpably wrong in finding that Couch had failed to prove that the city’s actions in downzoning his property were arbitrary and capricious. The city failed to establish a substantial relationship to a legitimate governmental purpose in downzoning Couch’s property, and Couch presented evidence of an improper reason for the downzoning. The judgment of the trial court is reversed and this cause is remanded for actions consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.