James E. GRANT, Plaintiff,

v.

BULLOCK COUNTY BOARD OF EDUCATION (Members in their official capacities); Feagin Johnson, Jr., in his official capacity as former superintendent; Bennie Johnson, in his official capacity as principal of Bullock County High School; Lee Ballard, in his official capacity as former assistant superintendent, Defendants.

Civ. A. No. 94–D–844–N.

United States District Court,
M.D. Alabama,
Northern Division.

July 12, 1995.

1508

James E. Grant, Montgomery, AL, pro se.

Sandra Lewis and Willie Troy Massey, Montgomery, AL, for defendants.

## MEMORANDUM OPINION

De MENT, District Judge.

The court presided over a bench trial in this action on July 10, 1995. Presently pending is the defendants' Rule 41(b) motion for involuntary dismissal, which the court construes as a motion for judgment on partial findings as provided by Rule 52(c) of the *Federal Rules of Civil Procedure.*[1] After careful consideration of the arguments of the parties, the relevant case law and the record as a whole, the court finds that the defendants' motion is due to be granted.

### JURISDICTION

Based upon 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction), the court properly exercises subject matter jurisdiction over this action. The parties do not contest personal jurisdiction or venue.

### STANDARD OF REVIEW

In cases tried without a jury, the court is the finder of fact and may enter judgment for a defendant if the plaintiff fails to establish a crucial element of his or her

---

1. Effective in 1991, Rule 52(c) supplanted part of former Rule 41(b), which authorized the court to dismiss a case if the plaintiff failed to carry his or her burden of proof on an essential element at trial. The court notes that the procedures and standards for granting a Rule 52(c) motion remain the same as under the previous Rule 41(b). *See* Advisory Committee Note to Fed.R.Civ.P. 52 (1991 Amendment).

case. *See* Advisory Committee Note to Fed. R.Civ.P. 52(c) (1991 Amendment) (permitting the court to "enter judgment at any time that it can appropriately make a dispositive finding of fact on the evidence"). In ruling on a Rule 52(c) motion, the court should "evaluate the evidence without making special inferences in the Plaintiff's favor ... and [should] resolve the case on the basis of preponderance of the evidence." *Emerson Elec. Co. v. Farmer,* 427 F.2d 1082, 1086 (5th Cir.1970) [2] (citation omitted) (brackets supplied).

 Because the court acts as both the judge and the jury, it may resolve conflicts in the evidence, as well as make credibility assessments. *Stearns v. Beckman Instruments, Inc.,* 737 F.2d 1565, 1568 (Fed.Cir. 1984). Finally, the court must set forth "findings of fact and conclusions of law," subject to reversal only if clearly erroneous. Fed.R.Civ.P. 52(c); *Holmes v. Bevilacqua,* 794 F.2d 142, 147 (4th Cir.1986); *see also Martinez v. United States Sugar Corp.,* 880 F.Supp. 773, 775 (M.D.Fla.1995).

## FINDINGS OF FACT

(1) Plaintiff James E. Grant (hereafter "plaintiff"), who is proceeding *pro se,* commenced this action on July 6, 1994. The plaintiff is a male and asserts that based on his sex, the defendants denied him a promotion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e–17, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

(2) The plaintiff seeks recovery from the following defendants: Feagin Johnson, Jr., in his official capacity as former superintendent; Bennie Johnson, in his official capacity as principal of Bullock County High School; Lee Ballard, in his official capacity as former assistant superintendent; and the members of the Bullock County Board of Education in their official capacities—Mary Jackson, Henry C. Davis, John L. Rumph, Rosa Henry and David Lowe.

(3) In 1969, the plaintiff began his career with the Bullock County Board of Education as an elementary school teacher at Bullock County Tech.[3] There, the plaintiff taught fourth and fifth grades, as well as special education classes.

(4) After "six or seven" years at Bullock County Tech, the plaintiff transferred to Bullock County High School where he taught special education classes for approximately twelve years.

(5) Thereafter, the plaintiff applied for and was offered a counselor position at South Highland Middle School, which later was converted to an elementary school. He has served in this position under a nine-month contract for approximately six years.

(6) At a board meeting held on May 13, 1993, the Bullock County Board of Education approved a motion to announce a counselor position at Bullock County High School.

(7) Subsequently, a job bulletin was released announcing the vacancy, for which the plaintiff submitted an application prior to the May 28, 1993 deadline.

(8) Three females also applied for the position.

(9) An all-male selection committee—comprised of Feagin Johnson, Jr., Bennie Johnson and Lee Ballard—interviewed the applicants and assessed their qualifications.

(10) To be considered for the position, the applicant must have met the state certification requirements for counseling.

(11) During the interviews, similar questions were asked of each applicant.

(12) According to the members of the selection committee, they were seeking an ambitious and innovative individual who possessed creative ideas for fulfilling the role as counselor at Bullock County High School and specifically asked each applicant: "What can you do for the school system?" Of less importance was computer skills.

---

**2.** Decisions of the former Fifth Circuit filed prior to October 1, 1981 constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) *(en banc ).*

**3.** Bullock County Tech since has closed.

(13) Each member of the selection committee testified that while all the other applicants demonstrated the latter characteristics, the plaintiff offered no suggestions on how to better the counseling program but stressed that his longevity with the school system rendered him the best qualified applicant for the position. According to the defendants' evidence, which the court finds credible, seniority was not the sole criterium considered.

(14) The selection committee appraised the plaintiff as least qualified and ranked the applicants in the following numerical order: Mildred Buford; Jennifer Washington; Linda Jordan; and the plaintiff.

(15) Feagin Johnson, Jr. made recommendations for employment subject to the approval of the Bullock County Board of Education.

(16) The Bullock County Board of Education twice rejected Feagin Johnson, Jr.'s recommendation of Mildred Buford, hence, denying her the position.

(17) While both Jennifer Washington and Linda Jordan interviewed for the position in June 1993 and were approved by the Bullock County Board of Education, both declined acceptance for reasons not pertinent to this litigation.

(18) It is undisputed that the plaintiff was not offered the position.

(19) At a special session held by the Bullock County Board of Education on July 12, 1993, Feagin Johnson, Jr. stated that he would re-announce the job vacancy for the counselor position.

(20) Thereafter, the counselor position was re-announced with an application deadline of July 29, 1993.

(21) In the two bulletins announcing the job vacancy for the counselor position, the salary and/or contract duration were not provided, because at that time the defendants did not know if the position would be "upgraded" from a nine-month contract. Presently, funds are not available to extend the contract to ten or eleven months.

(22) Feagin Johnson, Jr. testified that for the preceding twenty-five years, the counselor position at Bullock County High School has paid a nine-month salary, which is the salary presently received by Meharry Lewis.

(23) While it is undisputed that the plaintiff did not submit a second application when the job was re-announced, the bulletin states that "[p]reviously submitted applications will be considered for all applicable positions." The selection committee gave due consideration to the plaintiff's application and qualifications.

(24) On August 9, 1993, Meharry Lewis (male) completed an application for the counselor position.

(25) On August 12, 1993, Meharry Lewis signed a public school contract to work as a biology teacher in the Bullock County school system. It is undisputed that August 12, 1993 was Meharry Lewis' first day of employment with the school system.

(26) On September 14, 1993, Meharry Lewis consented to a transfer to the counselor position, which was approved the same day by the Bullock County Board of Education. Said transfer was effective on September 20, 1993.

(27) In 1959, Meharry Lewis obtained a bachelor of science degree in biology from Tennessee State University (Nashville, Tennessee). In 1961, he earned a master's degree in guidance and counseling also from Tennessee State University and later received a Ph.D. in guidance and counseling from Indiana State University (Bloomington, Indiana).

(28) Meharry Lewis' experience in the field of education includes numerous positions, including but not limited to:

(a) Public school teacher (mathematics, science and biology), City School of Gary (Gary, Indiana), 1961–1966;

(b) Lecturer in the Department of Counseling, School of Education, Indiana State University, 1969–70;

(c) Assistant Professor, School of Education, Indiana State University, 1970–71;

(d) Director of Research, Evaluation and In–Service Training, Macon County Public School System (Tuskegee, Alabama), 1971–72;

(e) Associate Professor and Assistant Dean, School of Education, Tuskegee Institute (Tuskegee, Alabama), 1973–77;

(f) Professor (counseling and psychology) and Assistant Dean, School of Education, Tuskegee Institute, 1977–79; and

(g) Director, Academic Management Training Program, Tuskegee Institute, 1983 and 1984.

(29) Mildred Buford obtained a bachelor of science degree in business education and a master's degree in guidance and counseling from Alabama State College [4] in 1969 and 1972, respectively. In 1980, she received a Trade & Industrial Endorsement from Auburn University (Auburn, Alabama).

(30) From 1969 to 1973, Mildred Buford worked as a secretary and executive secretary at Alabama State College. She was employed by Tuskegee Institute as an administrative assistant from 1974 to 1978. Thereafter in 1978, she began employment as a teacher/coordinator with the Bullock County school system.

(31) In 1974, Linda Jordan received a bachelor of science degree in elementary education from Alabama State University and proceeded to earn a master's degree in elementary education from Auburn University in 1978. She began employment with the Bullock County Board of Education in 1974 and worked as an elementary school teacher and resource teacher.

(32) Jennifer Washington graduated in 1972 from Tuskegee University with a bachelor of science degree in social work and elementary education. In 1980, she received from the same university a master's degree in student personnel services and guidance and counseling.

(33) From 1983 to 1988, Jennifer Washington worked at Tuskegee University as a guidance counselor. In 1990, she accepted a teaching position with the Bullock County school system, and three years later became a counselor in the same school system.

(34) The plaintiff holds a bachelor of science degree from Alabama State University, as well as a master's degree in counseling and human development from Troy State University (Troy, Alabama).

(35) The plaintiff's exhibits include annual evaluation forms beginning with the 1986–87 academic year and ending in 1994–95. The plaintiff consistently has received "satisfaction" evaluations, the highest rating obtainable.

(36) It is undisputed that the plaintiff, Mildred Buford, Jennifer Washington, Linda Jordan and Meharry Lewis are certified by the State of Alabama Department of Education to serve as counselors.

(37) On August 12, 1993, the Equal Employment Opportunity Commission ("EEOC") received the plaintiff's charge of sex discrimination.

(38) The EEOC issued a right-to-sue letter on June 9, 1994, after which the plaintiff commenced this action.

## CONCLUSIONS OF LAW

■ (1) The court finds that the plaintiff has fulfilled the two jurisdictional prerequisites for instituting a Title VII lawsuit. The plaintiff timely filed a charge of sex discrimination with the EEOC. Furthermore, after receiving a right-to-sue letter from the EEOC, the plaintiff seasonably instituted this action. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973).

■ (2) In an action alleging disparate treatment under Title VII, a plaintiff must prove an intentional discriminatory motive by presenting either direct or circumstantial evidence. *St. Mary's Honor Center v. Hicks,* —— U.S. ——, ——, 113 S.Ct. 2742, 2754, 125 L.Ed.2d 407 (1993). Absent direct evidence, as here, a plaintiff can establish intentional discrimination under the three-part, burden-shifting analysis set forth in *McDonnell Douglas, supra,* and *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

4. Alabama State College is now Alabama State University and is located in Montgomery, Alabama.

■ (3) Under the *McDonnell Douglas* and *Burdine* framework, the plaintiff first must raise an inference of discrimination by establishing a prima facie case. *Batey v. Stone,* 24 F.3d 1330, 1333 (11th Cir.1994) (citation omitted). To satisfy this burden in a failure-to-promote case, the plaintiff must show: (1) that he belongs to a protected class; (2) that he applied for and was qualified for the promotion for which the employer was seeking applicants; (3) that he was denied the promotion; and (4) that another equally or less qualified individual outside the protected class received the promotion. *Id.* at 1334 n. 11 (*citing Wu v. Thomas,* 847 F.2d 1480, 1483 (11th Cir.1988), *cert. denied,* 490 U.S. 1006, 109 S.Ct. 1641, 104 L.Ed.2d 156 (1989)). In some situations, the plaintiff may establish the fourth element of the prima facie case by showing that the position remained open. *Coutu v. Martin County Bd. of County Comm'rs,* 47 F.3d 1068, 1073 (11th Cir.1995).

■ (4) In alleging sex discrimination, the court finds that the plaintiff is within a protected group as defined by Title VII.

(5) Moreover, it is undisputed that the plaintiff applied and interviewed for the counselor position at Bullock County High School but was not offered the job.

■ (6) Even assuming, without deciding, that the plaintiff was qualified for the sought-after position, the court finds that the plaintiff has failed to establish by a preponderance of the evidence that he was at least equally as qualified as the other applicants. Specifically, the court finds that Mildred Buford, Jennifer Washington, Linda Jordan and Meharry Lewis were more qualified on the merits and by experience, combined. While the plaintiff's educational background is commensurate with that of the female applicants, Meharry Lewis has received a Ph.D., a degree not held by the plaintiff.

Importantly, the court finds that all the applicants were very strong candidates with excellent qualifications. There is no reason to believe that their selection over the plaintiff was based upon sex. It appears to the court, and the court so finds, that the primary reason for the plaintiff's denial was simply that when compared to the other applicants, the plaintiff did not possess as much ambition, aggressiveness and creativeness, all of which were characteristics considered by the selection committee.

■ (7) The court further finds that the plaintiff has failed to present any evidence of discrimination sufficient to overcome the fact that the position ultimately was awarded to a male. *See Green v. School Bd. of Hillsborough County, Fla.,* 25 F.3d 974, 978 (11th Cir.1994) (holding that a plaintiff cannot make out a prima facie case if he or she does not establish that the position was *in fact* "awarded to a person of a non-protected class"). As the court stated in the summary judgment opinion issued in this action, the Court of Appeals for the Eleventh Circuit has acknowledged that in some instances, a plaintiff may prevail even though the employer hires an individual within the same protected group as the plaintiff. *Edwards v. Wallace Community College,* 49 F.3d 1517, 1521 (11th Cir.1995).[5] As enunciated in *Edwards,* the court may consider whether hiring of the protected group member occurred prior to or after the filing of the EEO complaint, the time duration between the plaintiff's rejection and the employer's hiring decision and "if the hired person had a history with the employer, whether it was a positive history." *Id.* at 1521 (citations omitted).

After hearing all the evidence, the court finds that the *Edwards* factors cannot save the plaintiff and that the plaintiff has failed to show by a preponderance of the evidence that the ultimate award of the position to Meharry Lewis is a pretext for sex discrimination. *Id.* The plaintiff also has failed to show that the defendants' decision to reopen the application period and seek more candidates infers that the defendants were pursuing the application of more females.

■ (8) Even if the plaintiff had successfully carried his initial burden of establishing

---

**5.** While *Edwards* involved allegations of a racially discriminatory discharge, the court finds that the listed factors are equally applicable to a failure-to-promote case based upon sex discrimination.

a prima facie case, the court finds that the defendants' articulated reason for not offering the plaintiff the position is "legitimate" and "nondiscriminatory." *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824. That is, the court finds that the defendants "rebutted any legal presumption of intentional discrimination" by asserting that the plaintiff was not the best qualified for the counselor position at Bullock County High School. *St. Mary's,* —— U.S. at ——, 113 S.Ct. at 2748.

■■■■■ (9) In addition, the court finds that the record as a whole does not support a finding of intentional discrimination. Once a defendant satisfies its burden of production, "the *McDonnell Douglas* framework, with its presumptions and burdens, drops out of the case, and the trier of fact proceeds to decide the ultimate issue in the case: whether plaintiff has proven that the employer intentionally discriminated against him because of his [sex]." *Turnes v. AmSouth Bank, NA,* 36 F.3d 1057, 1061 (11th Cir.1994) (*citing St. Mary's,* —— U.S. at ——, 113 S.Ct. at 2749) (brackets supplied).

Not only did the defendants carry their burden of offering a legitimate reason for denying the plaintiff the counselor position, but they also produced substantial evidence that the selection decisions were based on factors other than sex. In sum, the court finds that there is no proof or inference which can be drawn from the evidence indicating that the plaintiff was denied the position because of his sex.[6]

■■■■■ While the court understands that the plaintiff feels he was treated unfairly, the legal truth is that Title VII does not protect "'against harsh treatment at the workplace.'" *Nix v. WLCY Radio/Rahall Communications,* 738 F.2d 1181, 1187 (11th Cir. 1984) (citation omitted). Indeed, an employer may make a business decision "for a good reason, a bad reason … or for no reason at all, as long as its action is not for a discriminatory reason." *Id.* (*citing Megill v. Board of Regents,* 541 F.2d 1073, 1077 (5th Cir.1976) (other citation omitted).

## CONCLUSION

For the foregoing reasons, the court concludes that the plaintiff has not proved by a preponderance of the evidence that he was denied a promotion based upon his sex. Accordingly, the court finds that the defendants' Rule 52(c) motion for judgment on partial findings is due to be granted.

---

**6.** At trial, the defendants also argued that the plaintiff failed to prove that the position for which he applied was in fact a promotion, since the plaintiff would have received the same salary. The plaintiff's failure to establish other elements of his prima facie case and the court's finding of no discrimination make irrelevant the question of whether the counselor position at Bullock County High School would have been a promotion for the plaintiff.

The court notes, however, that an increase in pay is not the only factor for consideration. For instance, the court also may compare the job descriptions and responsibilities of the present job with those of the sought-after position. Here, there was testimony that the high school counselor position required greater skills and management of more students than the elementary school counselor position held by the plaintiff. *See Hooks v. Diamond Crystal Specialty Foods, Inc.,* 997 F.2d 793, 799 (10th Cir.1993).