The plaintiff, Robert Loggins, appeals from a judgment of the circuit court in favor of the defendant, Jimmy F. Robinson, d/b/a J.F.R. Auction Company ("Robinson"). At the close of the plaintiff's evidence, Robinson had moved for what he called a "judgment as a matter of law." The trial court granted that motion and entered the judgment for Robinson.
On December 29, 1997, Loggins sued Robinson in the district court, seeking $5,000 for work and labor done and materials furnished. Robinson answered, contending that Robinson had hired Loggins for a salary of $300 per week and that Robinson had worked for three weeks and had been paid in full. After an ore tenus hearing, the district court entered a judgment in favor of Loggins in the amount of $6,290. Robinson appealed to the circuit court for a trial de novo.
On October 12, 1998, the case was tried without a jury. Loggins was the only witness. At the conclusion of the trial, the following occurred:
"[LOGGINS'S ATTORNEY]: Plaintiff rests.
 "[ROBINSON'S ATTORNEY]: Your Honor, I renew my motion for judgment as a matter of law. [Loggins has] failed to prove there was any contract or any agreement to pay by the piece on anything. He was an hourly employee based upon the exhibits submitted and he was paid in full.
 "THE COURT: [Loggins's burden] in this case is to either prove that there was some sort of agreement or failing to prove that agreement on work and labor, [Loggins] has to prove the work and labor was performed and [Loggins has] to prove the fair market value of the labor as performed. There has been no evidence submitted establishing any agreement or the fair market value of the labor performed.
"[LOGGINS'S ATTORNEY]: Judge, I can prove that.
 "THE COURT: Based upon that, the motion by [Robinson] is granted. There is no evidence before me to enter a judgment on work and labor in this case."
At trial, Loggins testified to the following: On December 1, 1997, he entered into a contract with Robinson regarding the refinishing of some pieces of furniture for Robinson to sell in his business. Loggins admitted that there was no written contract, but he contends that Robinson agreed to pay him by the single item or set of pieces. On December 3, 1997, Loggins began stripping and refinishing the pieces of furniture for Robinson; he completed his work for Robinson on December 20, 1997, and on that date Robinson told Loggins that he no longer needed his services. Loggins also admitted that he was sick and unable to work for a period between December 3, 1997, and December 20, 1997.
On appeal, Loggins contends that the circuit court erred when it failed to admit into evidence his invoice. Loggins testified that this invoice listed the cost for the work he did on each item and that he prepared the invoice "right after the 20th of December [1997]." This invoice listed 55 single items and sets that Loggins had stripped and refinished, and indicated a total of $6,290 owed for labor and materials. Loggins admitted that he sent this invoice to Robinson "around the first of January [1998]," which was after he had sued Robinson in December 1997. At trial, Loggins testified to the following: *Page 1270 
 "Q. Do you have a judgment how much your work and labor and time was for these items you refinished?
"A. Approximately $6,200.
 "Q. It is your testimony that your work and labor and materials claim was $6,200 for these times of furniture you refinished?
"A. That is true.
"Q. And you have been paid $1,200?
"A. True.
 "Q. Does that leave a balance of $5,000 according to your mathematics?
"A. Yes.
 "Q. At any time did Mr. Robinson not ever take the [delivery] of any of these items?
"A. No, he accepted all of them.
 "Q. At any time did Mr. Robinson tell you that he was not going to take delivery of certain items and that you were to perform additional services or work on it?
"A. I don't recall no such thing.
 "Q. To the best of your knowledge, did Mr. Robinson put these items up for commercial sale to the general public?
"A. Yes, he did.
". . . .
 "Q. Is it true that you refinished approximately 55 separate items of furniture?
"A. With sets included, yes.
"Q. Did you refinish 55 different sets?
"A. Sets and single items.
 "Q. And that is the basis of your claim for work and labor in the sum of $5,000?
"A. Yes, sir."
In light of this testimony, if the circuit court erred in refusing to admit the invoice into evidence, that error was harmless. Rule 45, Ala.R.App.P.
Loggins also contends that he had presented sufficient evidence to make out a prima facie case for work and labor done, and thus, he says, the circuit court erred in granting Robinson's motion for a judgment as a matter of law.
During the trial in this cause, at the close of Loggins's evidence Robinson filed what he termed a "motion for judgment as a matter of law." This language is taken from Rule 50(a), Ala.R.Civ.P., which provides:
 "(1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue."
(Emphasis added.) Rule 50(a), Ala.R.Civ.P., as it read before its 1995 amendment, provided for entry of a "directed verdict" against a party who, as a matter of law, was not entitled to prevail on a claim or a defense, and precedents applying the former directed-verdict standard of review are authoritative in reviewing true" judgments as a matter of law" entered by trial courts in jury cases. See, e.g., Glenlakes Realty Co. v. Norwood, 721 So.2d 174
(Ala. 1998).
However, as the above-emphasized language in Rule 50(a) indicates, Robinson's motion was not, in fact, a "motion for judgment as a matter of law," because the trial in this case was held before the court sitting without a jury. In actuality, Robinson's motion was a motion for a judgment on partial findings by the trial court, pursuant to Rule 52(c), Ala.R.Civ.P.:
 "If during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue. . . ." *Page 1271 
(Emphasis added.) This rule "supplanted, in nonjury trials, the `involuntary dismissal' procedure set forth in [former] Rule 41(b), Ala.R.Civ.P." Hinson v. Holt, [Ms. 2970541, Nov. 20, 1998] ___ So.2d ___, ___ n. 2 (Ala.Civ.App. 1998). Thus, when the trial court granted Robinson's motion, it entered a judgment onpartial findings, not a "judgment as a matter of law," in his favor.
Just as former cases setting forth the appropriate standard for reviewing a judgment entered on a directed verdict are authoritative with respect to a judgment as a matter of law in a jury case (see Glenlakes Realty, 721 So.2d at 177), precedents addressing the effect of involuntary dismissals under former Rule 41(b) should be equally applicable to judgments entered on partial findings pursuant to Rule 52(c), Ala.R.Civ.P. See Grant v.Bullock County Bd. of Educ., 895 F. Supp. 1506, 1508-09 (M.D.Ala. 1995) (applying involuntary-dismissal precedents in ruling upon a motion for a judgment on partial findings filed pursuant to Fed.R.Civ.P. 52(c)).
While former Rule 41(b) was in effect, our Supreme Court held that the ore tenus standard of review applied to judgments entered pursuant to that rule:
 "[S]ince the Judge is the trier of fact in a nonjury action, he or she may weigh and consider the evidence on a motion for an involuntary dismissal. The normal presumptions of correctness attach to a trial court's ruling on an involuntary dismissal. The trial court's ruling need only be supported by credible evidence and will not be set aside unless it is clearly erroneous or palpably wrong or unjust."
Feaster v. American Liberty Ins. Co., 410 So.2d 399, 402 (Ala. 1982).
Robinson's theory of the case was that Loggins was Robinson's employee and was paid $300 per week to strip and refinish furniture. Although Loggins denied that "Robinson agreed to pay [him] $300 a week to strip and finish furniture," he admitted that he did fill out time sheets for Robinson. Loggins also admitted receiving from Robinson two checks, which were admitted into evidence. The first check, in the amount of $409.42, was dated December 6, 1997. The face of this check contained the following notation: "For 300 labor 109.42 supplies." The second check, in the amount of $232.50, was dated December 20, 1997. The face of this check contained the following notation: "For 300 — 67.50 Par Payment." Attached to this check were receipts, totalling $67.50, for purchases Loggins had made from Robinson's business. Loggins admitted that the amount of these purchases was deducted from the amount paid to him.
The parties submitted conflicting evidence regarding whether Loggins was Robinson's employee being paid $300 per week or whether Loggins was due compensation for work and labor done. However, because the trial court could, under Feaster, 410 So.2d at 402, "weigh and consider the evidence" on Robinson's motion, the resolution of this "conflicting evidence" was for the trial court.
We also note that although Loggins testified to the amount he billed Robinson, he did not testify that his charges represented the reasonable value of his services and that he did not present any evidence regarding the reasonable value of his services. An essential element of a claim for work and labor done is proof of the reasonable value of the services. Fitzner Pontiac-Buick-Cadillac, Inc. v. Perkins Associates, Inc., 578 So.2d 1061
(Ala. 1991).
Thus, the trial court's judgment on partial findings is due to be affirmed because it is supported by credible evidence and is not clearly erroneous.
AFFIRMED.
All the judges concur. *Page 1272