As the main opinion notes, the trial court expressly stated that Patterson had "testified dishonestly." Based in part upon that determination of Patterson's credibility, that court entered a judgment in favor of Liz Claiborne, finding that "[w]hatever pain Patterson experienced on April 7, 2000, did not contribute to her overall disability." That judgment was entered at trial in response to what Liz Claiborne termed a "directed verdict" motion (which the main opinion terms a *Page 189 
motion for "a judgment as a matter of law"). However, because the case was heard without a jury, with the trial court acting as the trier of facts, Liz Claiborne's motion is more properly deemed a motion for a judgment on partial findings, pursuant to Rule 52(c), Ala.R.Civ.P. SeeLoggins v. Robinson, 738 So.2d 1268, 1270-71 (Ala.Civ.App. 1999).
The true nature of Liz Claiborne's motion is significant as a matter of both trial and appellate procedure. Although "[i]t is not the role of the circuit court to consider the credibility of a witness when it is ruling upon a motion for a directed verdict," McCombs v. Bruno's, Inc.,667 So.2d 710, 713 (Ala. 1995), no such limitation applies to a ruling on a motion for a judgment on partial findings. Because the trial judge "`is the trier of fact in a nonjury action, he or she may weigh and consider the evidence on a motion for'" a judgment on partial findings; moreover, on appellate review, the trial court's ruling on a motion for a judgment on partial findings "`need only be supported by credible evidence and will not be set aside unless it is clearly erroneous or palpably wrong or unjust.'" Loggins, 738 So.2d at 1271 (quoting Feaster v. American LibertyIns. Co., 410 So.2d 399, 402 (Ala. 1982)).
Because the main opinion applies a presumption of correctness in concluding that the trial court's judgment warrants affirmance, a conclusion that is based in part upon the trial court's credibility findings, the analysis set forth in that opinion is consistent with the proper standard of review. Therefore, I concur.