PER CURIAM.
Robert Allen Fancher (“the father”) and Stephanie Spivey Fancher (“the mother”) were divorced by an October 14, 2009, judgment of the Dallas Circuit Court (“the trial court”). Pursuant to the divorce judgment, the parties were awarded joint legal and joint physical custody of the minor child born of their marriage.
On June 19, 2014, the mother notified the father pursuant to the requirements of the Alabama Parent-Child Relationship Protection Act (“the Act”), § 30-3-160 to § 30-3-169.10, Ala.Code 1975, that she intended to relocate with the child to Vicksburg, Mississippi, with her new husband. On July 1, 2014, the father filed a petition in the trial court in which he objected to the proposed change in the principal residence of the child and sought an award of custody of the child. See § 30-3-169, Ala. Code 1975. The mother answered the father’s July 1, 2014, petition and counterclaimed, also seeking an award of custody of the child.
The trial court conducted an ore tenus hearing on the parties’ claims. The record indicates that during the course of the testimony, the hearing was recessed and the parties reached a settlement agreement. On October 6, 2014, the trial court entered a judgment incorporating the terms of that agreement. Pursuant to the October 6, 2014, judgment, the parties were awarded joint legal custody of the child, but the mother was awarded “primary physical custody.”[1] The judgment *597 specified that the mother and the child were permitted to relocate to Vicksburg, established a standard schedule of visitation for the father, and ordered the father to pay child support.
On November 6, 2014, the father filed a postjudgment motion in which he asserted arguments pertaining to the income-withholding order entered to enforce his child-support obligation. The trial court denied that motion on November 10, 2014. Neither party appealed.
On December 2, 2014, the father filed what he characterized as a “motion to reconsider” the October 6, 2014, judgment. In that “motion,” the father sought an award of custody of the child. On December 4, 2014, the trial court entered an order in which it scheduled the father’s “motion” for a hearing. Also on December 4, 2014, the mother moved to vacate the trial court’s December 4, 2014, order, arguing that the father’s request for a modification of custody required the initiation of a new action and the payment of a filing fee. The record does not indicate that the trial court ruled on the mother’s motion to vacate.
However, on December 4, 2014, the father initiated a new modification action in which he sought an award of custody of the child. The trial court conducted an ore tenus hearing on the father’s December 2014 modification petition on February 11, 2015. During that hearing, the father offered in support of his custody-modification claim only the testimony of the parties’ young child. After the child testified and the father rested his case, the mother moved for a “judgment as a matter of law” or to dismiss the action, arguing that the evidence presented by the father did not meet the evidentiary burden set forth in Ex parte McLendon, 455 So.2d 863 (Ala. 1984), necessary to warrant a modification of the October 6, 2014, judgment that had awarded the mother primary physical custody of the child. The trial court denied the mother’s motion. For reasons not explained in the record, the trial court did not enter a judgment until six months later, on August 12, 2015. In that August 12, 2015, judgment, the trial court found, among other things, that there had been a material change in circumstances and awarded custody of the child to the father. The mother timely appealed.
*598 The mother first argues that the trial court erred in failing to grant her motion for a “judgment as a matter of law” following the father’s presentation of evidence in his case-in-chief. The trial court received ore tenus evidence without a jury, and, in such a case, a motion for a “judgment as a matter of law” is properly referred to as a motion for a “judgment on partial findings.” See Rule 52(c), Ala. R. Civ. P.; Lawson v. Harris Culinary Enters., LLC, 83 So.3d 483, 495 n. 7 (Ala. 2011).[2] See also City of Prattville v. Post, 831 So.2d 622, 627 (Ala.Civ.App.2002) (“A motion for a ‘judgment as a matter of law’ asserted in a bench trial is actually a motion for a judgment on partial findings by the trial court.”). A motion for a judgment as a matter of law, formerly referred to as a motion for a directed verdict, in a nonjury action was formerly treated as a Rule 41(b), Ala. R. Civ. P., motion for an involuntary dismissal until Rule 41(b) was replaced by Rule 52(c), Ala. R. Civ. P. Hales v. Scott, 473 So.2d 1028 (Ala.1985) (treating a “motion for a directed verdict” as a Rule 41(b) motion); Stroupe v. Beasley, 549 So.2d 15, 16-17 (Ala.1989) (same). Our supreme court has explained:
“Rule 52(c), Ala. R. Civ. P., supplanted the involuntary-dismissal procedure in nonjury trials set forth in Rule 41(b), Ala. R. Civ. P. Loggins v. Robinson, 738 So.2d 1268 (Ala.Civ.App.1999). Thus, we will treat ... [a] motion for involuntary dismissal as one for a judgment on partial findings under Rule 52(c). Rule 52(c) provides:
“ ‘If during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue, or the court may decline to render any judgment until the close of all the evidence.’
“Caselaw addressing involuntary dismissals under former Rule 41(b) is equally applicable to a judgment on partial findings entered pursuant to Rule 52(c). Loggins, supra. This court in Loggins set forth the applicable standard of review in such a case, as follows:
“‘“[Sjince the Judge is the trier of fact in a nonjury action, he or she may weigh and consider the evidence on a motion for an involuntary dismissal. The normal presumptions of correctness attach to a trial court’s ruling on an involuntary dismissal. The trial court’s ruling need only be supported by credible evidence and will not be set aside unless it is clearly erroneous or palpably wrong or unjust.” ’
“738 So.2d at 1271, quoting Feaster v. American Liberty Ins. Co., 410 So.2d 399, 402 (Ala.1982).”
King Power Equip., Inc. v. Robinson, 777 So.2d 723, 726 (Ala.Civ.App.2000).
In King Power Equipment, supra, the defendant, King Power Equipment, Inc., argued on appeal, among other things, that the trial court in that case had erred in *599 denying its “motion for involuntary dismissal,” which this court noted was properly made pursuant to Rule 52(c), after the close of the plaintiffs evidence. 777 So.2d at 726. In addressing that issue, this court set forth and considered only the evidence that was before the trial court in that case at the time King Power Equipment moved for the judgment on partial findings; in other words, this court analyzed the issue considering only the evidence presented by the plaintiff in her case-in-chief. 777 So.2d at 727 (“When King Power Equipment moved for the involuntary dismissal, the court had the following evidence before it....”). This court ultimately concluded in that case that, “at the time King Power Equipment moved the court for a judgment on partial findings, the court had before it sufficient credible evidence” that supported its denial of that motion and that “the court’s denial of King Power Equipment’s motion for a judgment on partial findings was not clearly erroneous.” 777 So.2d at 727.
In this case, in order to address the mother’s argument that the trial court erred in denying her motion for a judgment on partial findings, this court must consider the evidence that was before the trial court at the time the mother made that motion. See King Power Equip., 777 So.2d at 727. In considering that evidence, this court may not reverse the trial court’s ruling unless it is clearly erroneous. See King Power Equip., 777 So.2d at 727.
The October 6, 2014, judgment that the father sought to modify awarded the mother primary physical custody of the child. Accordingly, in order to prevail on a claim seeking to modify that custody award, the father was required to meet the McLendon standard:
“A parent seeking to modify a custody judgment awarding primary physical custody to the other parent must meet the standard for modification of custody set forth in Ex parte McLendon. Under that standard, the parent seeking to modify custody of a child must demonstrate that there has been a material change in circumstances, that the proposed change in custody will materially promote the child’s best interests, and that the benefits of the change will more than offset the inherently disruptive effect caused by uprooting the child. Ex parte McLendon, supra. A parent seeking to modify a previous custody order bears a heavy burden of proof. Vick v. Vick, 688 So.2d 852 (Ala.Civ.App.1997).”
Adams v. Adams, 21 So.3d 1247, 1252 (Ala.Civ.App.2009).
In support of his custody-modification claim, the father presented as evidence the testimony of only one witness, the parties’ minor child, who was nine years old at the time of the February 11, 2015, hearing; after the child finished testifying, the father rested his case. The transcript indicates that the father’s attorney, in his direct examination, repeatedly had to remind the child to answer out loud; the child repeatedly either nodded or shook her head or failed to respond to questioning. The vast majority of the responses the child did make during the father’s direct examination were “yes” or “no” answers to leading questions. In short, the child indicated that she had liked her school in Alabama, that she had had difficulty making friends at her new school in Mississippi, and that she missed her extended family in Alabama. The child responded “yes” to questioning regarding whether she wanted to live with her father.
The mother’s attorney questioned the child about her life in Mississippi. The child testified that she likes her teacher, that she made the “A/B” honor roll at her new school, and that she has been involved in a local church and is taking gymnastics *600 after school. The child also testified that she had engaged in similar activities when she lived in Alabama. On cross-examination, the child testified that she misses her friends in Alabama but that she had made some new friends in Mississippi. The child also stated that, when she and the mother had lived in Alabama, she had visited the father every other weekend and that she continued to see the father on alternating weekends after she and the mother moved to Mississippi.[3]
The mother maintains that that evidence was not sufficient to survive her motion for a judgment on partial findings. The October 6, 2014, modification judgment incorporated an agreement of the parties reached after the mother had presented ore tenus evidence in support of the proposed relocation to Mississippi during the hearing on the father’s petition objecting to that relocation. That judgment specifically provided, in compliance with the Act, that the mother and the child could relocate to Mississippi. Accordingly, under the facts of this case, it would be improper to consider that court-approved relocation as a material change in circumstances warranting a modification of custody. A purpose of the Act is to allow the parties and the trial court to consider issues pertaining to a proposed relocation before the relocation occurs and before a child’s life is possibly disrupted by a relocation or a change in custody.
The father seems to have based his custody-modification petition solely on the child’s desire to return to live in Alabama. The father filed his custody-modification petition less than two months after the mother and the child had relocated, and at the time of the February 11, 2015, hearing on the merits of the father’s December 4, 2014, custody-modification petition, the child had been living in Mississippi for only four months.
As the mother argued before the trial court, and as she reiterates on appeal, although a child’s desire with regard to custody modification is a factor that may be considered by a trial court, the child’s desire, alone, may not be determinative of a custody decision, Glover v. Singleton, 598 So.2d 995, 996 (Ala.Civ.App.1992); Marusich v. Bright, 947 So.2d 1068, 1071 (Ala.Civ.App.2006) (“The child testified that he wanted to live with the father; however, that testimony alone was insufficient to overcome the presumption in favor of the mother[, the custodial parent].”).
In Marusich v. Bright, supra, the father in that case sought a modification of custody under the McLendon standard, and he presented evidence indicating only that he had remarried and that the child wanted to live with him. The trial court granted the requested modification, and this court reversed, concluding that “the father offered insufficient evidence to establish that there had been a material change in circumstances warranting a change in custody.” 947 So.2d at 1071.
Similarly, in C.E. v. C.C.H., 963 So.2d 131 (Ala.Civ.App.2007), the mother in that case sought to modify a custody award that afforded the father in that case custody of the parties’ minor child. The trial court granted the petition to modify, and this court reversed. In doing so, this court noted that the mother had presented evidence indicating that her circumstances were essentially the same but that the child wanted to live with her, apparently, *601 in part, because the child did not get along "with her stepmother and did not spend much time with the father. This court concluded that “[njothing in the testimony at trial established a material change in circumstances affecting the child’s welfare such that custody should be changed; nor did the evidence demonstrate that the child’s best interests would be materially promoted by placement in her mother’s custody.” C.E. v. C.C.H., 963 So.2d at 135.
In this case, the evidence indicates that the child is engaged in the same activities in Mississippi in which she took part when she lived in Alabama, i.e., school, extracurricular activities, and church activities. The child testified that she wanted to return to Alabama and that she missed her extended family in Alabama; however, the child’s desire, alone, is not dispositive. See Glover v. Singleton, supra; Marusich v. Bright, supra, The child testified that, at the time of the February 11, 2015, hearing, she was doing well in her new school, was active in church activities, and was making friends in Mississippi.
After the child testified and the father rested his case, the father’s claim seeking a modification of custody had been fully heard by the trial court. The mother argued that the evidence was not sufficient to meet the McLendon standard, and she cited a number of cases to the trial court to support her contention that the child’s desire with regard to custody was not determinative. The mother also argued that, given the evidence the father had presented, she should not be required to present evidence to defend the father’s custody-modification claim. We agree. The evidence indicates that the child was adjusting to the recent relocation to Mississippi but that she missed her former home, her father, and her extended family and would prefer to live in Alabama. The relocation was made only after the father objected, the trial court received some ore tenus evidence, and, ultimately, the father, rather than present evidence in opposition to the relocation, consented to it. The trial court entered the October 6, 2014, modification judgment pursuant to the Act. Even affording the ‘““normal presumptions of correctness” ’ ” to the trial court’s ruling, King Power Equipment, 777 So.2d at 726 (quoting Loggins, 738 So.2d at 1271), we cannot say that, at the time the father rested his case and the mother moved for a judgment on partial findings on the father’s most recent custody-modification claim, the father had presented sufficient evidence of a material change in circumstances. Further, the father presented no evidence tending to indicate that the child’s best interests would be materially promoted by a change in custody. Accordingly, given the evidence and arguments presented to the trial court, we conclude that the trial court erred in denying the mother’s Rule 52(c) motion for a judgment on partial findings. We, therefore, reverse the August 12, 2015, judgment.
The mother has also raised arguments pertaining to the trial court’s consideration of the report of the guardian ad litem submitted after the close of all of the evidence, especially given the fact that the guardian ad litem was not present at the February 11, 2015, hearing. Comments made by the trial court and the attorneys during the hearing in this matter indicate that the guardian ad litem was ill and unable to attend the hearing for that reason. Given the disposition of this appeal, we need not reach the arguments the mother raises in her appellate brief with regard to the consideration of the guardian ad litem’s report.
The mother’s request for an attorney fee on appeal is denied. Upon the docketing of a notice of appeal, an Informational Filing Notice is transmitted by the court’s *602 clerk to the attorneys of record. An Informational Filing Notice was electronically sent to the mother’s attorney on August 20, 2015. That Informational Filing Notice specifies, among other things, that an itemized statement must be attached to a request for an attorney fee on appeal. The mother, in her request for an attorney fee, did not submit an itemized statement in support of her request for an attorney fee.
REVERSED AND REMANDED.
PITTMAN, THOMAS, and DONALDSON, JJ., concur.
THOMPSON, P.J., concurs specially.
MOORE, J., concurs in the result, without writing.

. In enacting § 30-3-151, Ala.Code 1975, our legislature defined only five types of custody a trial court may consider in fashioning a custody award: "joint custody,” "joint legal custody,” "joint physical custody,” “sole legal custody," and "sole physical custody." That statute defines "sole physical custody” as a situation in which "[o]ne parent has sole physical custody and the other parent has rights of visitation except as otherwise provided by the court.” § 30-3-151(5). Parties and trial courts often use the nonstatutory term "primary physical custody” in place of "sole physical custody” in describing an award of *597 physical custody to one of the parties. An award of “primary physical custody” generally, as in this case, denotes an award of "sole physical custody" as that term is defined in §30-3-151. This court has explained:
"[0]ur appellate courts have recognized that there is confusion in the trial courts’ use of th[e] term ['joint custody’], and, therefore, the courts have interpreted the term joint custody’ according to the intent of the trial court in using the term. This court has explained:
" 'The trial court's divorce judgment awarded the parties “joint custody,” yet it awarded the father “primary physical custody.” "These terms have been commonly employed by the bench and bar; however, in light of the definitions of the types of custody set out in the joint-custody statute, those older terms are unclear and ... serve only to confuse the issue of custody.” Harris v. Harris, 775 So.2d 213, 214 (Ala.Civ.App.1999). Using the proper terms set out in the joint-custody statute, § 30-3-151, Ala.Code 1975, the divorce judgment can be construed only one way—that is, it awards the father sole physical custody and the mother and the father joint legal custody. See Harris, 775 So.2d at 214.’ ”
Whitehead v. Whitehead, [Ms. 2140657, Feb. 12, 2016] _ So.3d _, _ (Ala.Civ.App.2016) (quoting Richardson v. Fotheringham, 950 So.2d 339, 341 (Ala.Civ.App.2006)). For the purposes of this opinion, we refer to the custody award as one providing for "primary physical custody.” There is no dispute between the parties to this action that the standard set out in Ex parte McLendon, 455 So.2d 863 (Ala.1984), applies to a modification of the October 6, 2014, judgment. See Whitehead v. Whitehead, supra.

. We note that the mother did not renew her motion for a judgment on partial findings pursuant to Rule 52(c) at the close of the evidence. However, such a renewal is not required in the context of a Rule 52(c) motion. Our supreme court has explained:
"In a case tried before a jury, to preserve for appellate review a question of the sufficiency of the evidence, a party must raise that question in a Rule 50(a), Ala. R. Civ. P„ motion for a judgment as a matter of law, at the close of all the evidence. Barnes v. Dale, 530 So.2d 770, 776-77 (Ala.1988). This principle does not apply in a nonjury case. Seier v. Peek, 456 So.2d 1079, 1081 (Ala.1984).”
Ex parte James, 764 So.2d 557, 559 (Ala.1999).

. The record indicates that, although the divorce judgment had provided that the parties had joint legal and joint physical custody of the child, the parties had agreed to informally alter that arrangement when the child began school. After the child began school, the child lived with the mother and visited the father on alternating weekends.